UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CLEMMIE GENERO CASON,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Criminal No. 97-303 (JRT/RLE)<br>Civil No. 05-595<br><br>**ORDER DENYING<br>§ 2255 PETITION** |

Clemmie Genero Cason, No. 07990-041, Federal Correctional Institution, Box 1000, Milan, MI 48160, petitioner *pro se*.

Michael L. Cheever, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, 600 United States Courthouse, 300 Fourth Street South, Minneapolis, MN 55415, for respondent.

This matter is before the Court on a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 brought by petitioner Clemmie Genero Cason ("Cason"). Cason was convicted by a jury of Conspiracy to Possess with Intent to Distribute Cocaine Base and Possession with Intent to Distribute Cocaine Base. Cason is presently incarcerated at the Federal Correctional Institution in Milan, Michigan where he is serving a 120-month sentence imposed upon him by this Court on October 8, 1998. For the reasons stated below, Cason's § 2255 motion is denied.[1]

---

[1] Cason also filed several other nonsubstantive motions relating to his § 2255 petition, which the Court rules on in the final section of this Order.

Section 2255 includes a one-year statute of limitations. The limitations period begins to run from the latest of:

>   (1) the date on which the judgment of conviction becomes final;
>
>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Cason's judgment of conviction became final on October 8, 1999, when the Supreme Court denied his petition for a writ of certiorari. Therefore, pursuant to subsection 1, he needed to file his § 2255 motion no later than October 8, 2000. Cason did not file his motion until March 21, 2005.

The Eighth Circuit has recently held that the doctrine of equitable tolling applies to § 2255 petitions. *United States v. Martin*, 2005 WL 1250348, at *3 (8th Cir. May 27, 2005). Equitable tolling in habeas cases, however, is "proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Id.* at *4 (citing *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)). To date, the Eighth Circuit has only recognized extraordinary circumstances in the context of a § 2255 petition when petitioner's appellate counsel repeatedly lied and misrepresented the law

effectively preventing petitioner from filing his petition on time. *Id.* at *6.  Cason asserts forty-seven grounds on which he argues his motion should be granted.  None of the grounds present extraordinary circumstances allowing for the one-year statute of limitations to be equitably tolled.

To the extent Cason asserts that the statute of limitations should not apply to his claim for relief under *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *United States v. Booker*, 125 S. Ct. 738 (2005) because that claim asserts a right recently recognized by the Supreme Court, *see* 28 U.S.C. § 2255(3), this argument fails as well.  This Court has determined that the rule announced in *Blakely* and *Booker* does not apply retroactively to matters on collateral review.  *See Rodriguez v. United States*, Crim. No. 00-276 (JRT) (D. Minn. March 8, 2005).  Accordingly, under this Court's interpretation of the law, petitioner's motion for relief pursuant to § 2255 cannot be granted on the basis of *Blakely* and *Booker*.  However, as the question of whether *Blakely* and *Booker* apply retroactively to cases on collateral review has not yet been addressed in this circuit, the Court grants a certificate of appealability with respect to this question.  *See* 28 U.S.C. § 2253.

## ORDER

Based on the foregoing records, files, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 129] is **DENIED**.

**IT IS FURTHER ORDERED** that:

1. Petitioner's Motion to Withdraw [Prior Motions] [Docket No. 126] is **GRANTED**.

2. Petitioner's Motion to Expedite the Newly Filed Section 2255 Motion [Docket No. 127] is **DENIED as moot**.

3. Petitioner's Motion to Expand the Number of Pages, and or Documents [Docket No. 128] is **GRANTED**.

4. Petitioner's Motion to Correct Clerical Errors or Omissions Under Relief on Page M-26, M-27 [Docket No. 133] is **GRANTED**.


DATED:   July 1, 2005             s/ John R. Tunheim
at Minneapolis, Minnesota.           JOHN R. TUNHEIM
                                                United States District Judge