UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

  Plaintiff,

v.

CLEMMIE GENERO CASON,

  Defendant.

Crim. No. 97-303 (JRT/RLE)

**ORDER**

---

Clemmie Genero Cason, No. 07990-041, Federal Correctional Institution, Box 1000, Milan, MI 48160, *pro se* petitioner.

Michael L. Cheever, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, 600 United States Courthouse, 300 Fourth Street South, Minneapolis, MN 55415, for respondent.

This matter is before the Court on Defendant's self-styled "Motion For A Downward Departure Under Section 3582(c)(1)(A)." [Docket No. 139.] Defendant is claiming, (as he frequently has in the past), that the sentence he received in this matter should be reduced. For the reasons discussed below, Defendant's motion must be DENIED.

**I. BACKGROUND**

In January 1998, a jury found Defendant guilty of two federal drug law offenses. He was later sentenced to 120 months in federal prison, and he is presently serving his sentence at the Federal Correctional Institution in Milan, Michigan.

Defendant has challenged his conviction and/or sentence on direct appeal, and in a variety of post-conviction proceedings, but all of those challenges have been unsuccessful.

He is now seeking relief under 18 U.S.C. § 3582(c), based on alleged "mitigating circumstances or conditions that were not known to the Court at the time of Sentencing." The previously unknown "mitigating circumstances or conditions" are two alleged medical conditions – "Post Traumatic Stress Disorder," and Prostate Cancer. Defendant claims that his sentence should be reduced to time served, and that he should be released from prison immediately, so he can pursue treatment for his medical concerns.

## II. DISCUSSION

Defendant is seeking relief under 18 U.S.C. § 3582(c), which provides as follows:

> **(c) Modification of an imposed term of imprisonment.** The court may not modify a term of imprisonment once it has been imposed except that–
>
> (1) in any case–
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or

2

>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of

the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Needless to say, § 3582(c) does not give federal courts the unfettered discretion to modify federal prison sentences as they see fit. To the contrary, the introductory clause of § 3582(c) clearly states that federal courts are <u>not</u> authorized to modify a prisoner's sentence, except under certain very narrowly prescribed circumstances – none of which are present here.

A sentence can be modified pursuant to § 3582(c)(1)(A), "<u>upon motion of the Director of the Bureau of Prisons</u>," (emphasis added), when (a) a prisoner is more than 70 years old and has served more than 30 years in prison, or (b) there are "other extraordinary and compelling reasons" to reduce the prisoner's sentence. Defendant does not qualify for relief under this part of the statute, because his motion was not brought by the Director of the Bureau of Prisons.

A sentence can be modified pursuant to § 3582(c)(1)(B) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Defendant does not qualify for relief under this part of the statute, because his motion does not cite any specific statute or provision of Fed. R. Crim. P. 35 that would warrant relief, (and the Court is not aware of any such statute or rule).

Finally, a sentence can be modified pursuant to § 3582(c)(2), if the United States Sentencing Commission has adopted some specific retroactively-applicable amendment to the Sentencing Guidelines that is directly pertinent to a prisoner's sentence.  Defendant does not qualify for relief under this part of the statute, because he has not identified any amendment to the Sentencing Guidelines, adopted by the Sentencing Commission, that purportedly should affect his sentence.[1]

In sum, Defendant has failed to show that he qualifies for relief under any of the limited circumstances and conditions described in § 3582(c).  Therefore, Defendant's "Motion For A Downward Departure" must be denied.

Defendant's "Motion For Downward Departure" was accompanied by a separate motion entitled "Motion To Expedite Downward Departure On An Emergency Basis." [Docket No. 140.]  As the Court has now ruled on the underlying motion for departure, Defendant's motion to expedite will be denied as moot.

### III. MOTION FOR RECONSIDERATION

Defendant also has before the Court a Motion for Reconsideration [Docket No. 137] of this Court's Order of July 1, 2005 Denying Defendant's Petition brought pursuant to 28 U.S.C. § 2255.  The Court has carefully reviewed the claims made in the motion for

---

[1] See United States v. Hubers, No. 96-3775 (8th Cir. 1997), 1997 WL 226008 (unpublished opinion) at * 1 ("Section 3582(c) allows a district court to reduce a defendant's prison term if the defendant was sentenced 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'  Because the sentencing range applied to [the moving defendant] has not been lowered... section 3582(c)(2) is inapplicable here.").

reconsideration and finds that all justiciable issues were considered and resolved in the Court's Order Denying the Petition. The Motion for Reconsideration will be denied.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Defendant's "Motion For A Downward Departure Under Section 3582(c)(1)(A)," [Docket No. 139], is **DENIED**;

2. Defendant's "Motion To Expedite Downward Departure On An Emergency Basis," [Docket No. 140], is **DENIED AS MOOT**; and

3. Defendant's Motion for Reconsideration of the Court's July 1, 2005 Order Denying §2255 Petition [Docket No. 137] is **DENIED**.

Dated: October 24, 2005                                    s/John R. Tunheim
At Minneapolis, Minnesota                              JOHN R. TUNHEIM
                                                                    United States District Judge